## Jim Rockwall v. The State.

No. 10006.          Delivered October 6, 1926.

**Possessing Intoxicating Liquor—Charge of Court—Insufficient.**

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the court failed and refused to charge the jury that the possession of the intoxicating liquor must be proven to be *for the purpose*

*of sale:* This error in the court's charge necessitates a reversal of the case. Following Petit v. State, 90 Tex. Crim. Rep. 366, and numerous other cases collated in Vernon's Ann. P. C. 1925, Vol. 1, p. 435, note 7. Also see Art. 666, P. C. 1925.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period three years.

It is charged in the indictment that the appellant possessed intoxicating liquor for the purpose of sale. The state's evidence was to the effect that the sheriff, while searching the premises of the appellant, found some jars of whiskey and also some so-called "choc beer." Aside from the possession, the record is bare of evidence of a sale or an intent to sell the whiskey.

In instructing the jury, the court, in the second paragraph of its charge, used the following language:

"Our statutes provide that it shall be unlawful for any person in this state to possess intoxicating liquor except for medicinal, mechanical, scientific or sacramental purposes."

In the seventh paragraph of the court's charge the jury were instructed to convict the appellant if they believed that he had intoxicating liquor in his possession. Appropriate objection was urged to this charge. The statute defining the offense upon which the prosecution is based declares that *"it shall be unlawful for any person to possess, for the purpose of sale, intoxicating liquor."* See Art. 666, P. C., 1925. The court should have instructed the jury in appropriate language that as a predicate for conviction they must believe, beyond a reasonable doubt, that the intoxicating liquor found upon the appellant's premises was possessed by him *for the purpose of sale.* This is the command of the statute. See Petit v. State, 90 Tex. Crim. Rep. 366, and numerous other cases collated in Vernon's Ann. Tex. P. C., 1925, Vol. 1, p. 435, note 7.

There are other questions raised which are deemed unnecessary to discuss.

The State's Attorney concedes that the fault in the charge mentioned requires a reversal of the judgment, and we concur in this view.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*